UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

Forty-Four Thousand Six
Hundred Ninety-Eight Dollars
($44,698.00) in U.S. Currency,

        Defendant *in Rem*,

Candace Hodges,

        Claimant.

Case No. 23-cv-11292
Hon. Matthew F. Leitman

---

**STIPULATION FOR ENTRY OF CONSENT JUDGMENT
AND FINAL ORDER OF FORFEITURE**

---

Plaintiff, the United States of America, by and through its undersigned attorneys, and Candace Hodges (the "Claimant"), by and through her attorney, Marshall E. Goldberg, (collectively the "Parties") enter into this Stipulation for Entry of Consent Judgment and Final Order of Forfeiture as to the following Defendant *in rem*: Forty-Four Thousand Six Hundred Ninety-Eight Dollars ($44,698.00) in U.S. Currency (22-DEA-687428) (hereinafter the "Subject Property").

The Parties agree to the following facts:

On or about January 13, 2022, the Subject Property was seized by officers/agents with the Drug Enforcement Administration ("DEA") during the execution of a state search warrant at XXXXX Fleetwood Dr, Harper Woods, Michigan.

The Claimant filed a timely claim with the DEA with respect to the Subject Property.

On June 1, 2023, the United States filed a timely civil *in rem* forfeiture complaint against the Subject Property pursuant to Title 21, United States Code, Sections 881(a)(6). (ECF No. 1).

On or about July 27, 2023, Claimant, through counsel, filed an Answer to the Complaint (ECF No. 5). On or about July 31, 2023, Claimant, through counsel, filed a Verified Claim to the Subject Property (ECF No. 6).

Notice by publication has been completed in this case (ECF No. 19).

No other verified claims of interest have been filed by any party with the United States District Court in this judicial action, and the time for filing such pleadings has expired.

The Parties are aware of their respective rights and have reached a settlement which is embodied in this Stipulation for Entry of Consent Judgment and Final Order of Forfeiture and is intended to resolve the claims relating to Claimant, Candace

Hodges, that will conclude this case without further litigation and expense.

**IT IS HEREBY STIPULATED AND AGREED** as follows:

1. This action is a civil *in rem* forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355, 1391, and 1395.

3. The Parties agree that the allegations in the Complaint are well taken, and the United States and the law enforcement agents involved in this matter had reasonable cause to seize the Subject Property, as set forth in 28 U.S.C. § 2465. The position of the United States and its agents and employees in this matter was and is substantially justified as set forth in 28 U.S.C. § 2412.

4. The Parties stipulate and agree that the following shall be **FORFEITED** to the United States pursuant to Title 21, United States Code, Sections 881(a)(6), along with any and all accrued interest on the Subject Property: Twenty-Three Thousand One Hundred Ninety-Eight Dollars ($23,198.00) in U.S. Currency (hereinafter, the "Forfeited Currency").

5. Pursuant to this Agreement, the Court orders that any right, title or ownership interest possessed by the Claimant and any of her agents, successors and assigns in the Forfeited Currency, and any right, title or ownership interest of any and all other persons in the Forfeited Currency is hereby and forever

**EXTINGUISHED** and clear title to the Forfeited Currency shall **VEST** in the United States, and DEA, or its delegate, is **AUTHORIZED** to dispose of the Forfeited Currency according to law.

6. Claimant withdraws any and all claims she may have to the Forfeited Currency, including any claims filed in this civil judicial forfeiture action and any administrative claims of interest and/or petitions for remission or mitigation filed with any federal agency.

7. The Parties stipulate and agree that the following shall be **RETURNED** to the Claimant: Twenty-One Thousand Five Hundred Dollars ($21,500.00), less any debt owed to the United States, any agency of the United States, or any other debt, which the United States is authorized to collect from the Claimant, including but not limited to, any debts that the United States may collect from the Claimant through the Treasury Offset Program (the "Returnable Amount").

8. Following entry of this Stipulation by the Court, and after Claimant's attorney has supplied the United States with the Claimant's Tax Identification Number and the Automated Clearing House information for electronic deposit of the Returnable Amount, DEA, or its delegate, shall disburse the Returnable Amount to the Claimant through the Electronic Payment System by electronic deposit into the client trust account of Claimant's attorney, Marshall E. Goldberg.

9. Upon signing below, Claimant agrees to unconditionally release, remise and forever discharge the United States, and its agencies, agents, officers and employees, past and present, and all other persons, including but not limited to, agents and employees of DEA, the United States Attorney's Office, any individual local law enforcement officers, departments or agencies, and any other persons who participated or assisted in any aspect of this action and the underlying investigation (the "Released Parties"), from any and all actions, claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands in law or equity, which the Claimant, and/or their assigns, agents, officers, employees, heirs, or successors in interest had, now has, or may have against the Released Parties, for, or on account of, the incidents or circumstances giving rise to any aspect of the seizure, investigation, or forfeiture of the Subject Property.

10. The Parties agree that this Stipulation applies exclusively to the captioned civil *in rem* forfeiture action arising from the seizure of the Subject Property and does not immunize the Claimant or anyone else from criminal prosecution for any illegal conduct associated with the seizure of the Subject Property.

11. The execution of this agreement does not constitute any admission of wrongdoing or fact by the Claimant or any other party except as otherwise expressly provided herein.

12. By signing this Stipulation, the Claimant declares that she has read and discussed the terms of this Stipulation with her attorney. Claimant further declares that she is aware of her rights in this action, and fully understand the terms, conditions, and consequences of entering into this Stipulation. Claimant agrees that this Stipulation adequately reflects the Parties' good faith negotiation and resolution of this action without further litigation.

13. The Parties stipulate and agree that each of the Parties shall bear their own costs and attorneys' fees in this action and in any subsequent action to enforce this Stipulation. The Claimant agrees she shall not claim or seek attorneys' fees and/or costs in connection with this action and knowingly and voluntarily waives any and all claims she may have for attorneys' fees and costs, whether under the Civil Asset Forfeiture Reform Act of 2000, the Equal Access to Justice Act, or any other statute, rule or regulation, including the statutes identified in the preceding paragraph.

14. This Stipulation encompasses the full agreement of the Parties regarding the Subject Property.

15. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

16. By their signatures below, the Parties agree to entry of this Stipulation and to all of the terms and conditions set forth herein.

17. Upon entry of this Stipulation by the Court, this document shall constitute a Judgment and Final Order of Forfeiture, and this action shall be **CLOSED**.

By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Agreed as to form and substance:

| | |
|---|---|
| S/Kelly Fasbinder<br>Kelly Fasbinder (P80109)<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>(313) 226-9520<br>Kelly.Fasbinder@usdoj.gov | s/ Marsall E. Goldberg (see attached)<br>Marshall E. Goldberg (P35788)<br>Counsel for Claimant<br>615 Griswold Suite 1125<br>Detroit, MI 48226<br>(313) 962-4090<br>Megoldberg2003@yahoo.com |
| Dated: August 25, 2025 | Dated: August 28, 2025 |
| | s/Candace Hodges (see attached)<br>Candace Hodges<br>Claimant |
| | Dated: August 27, 2025 |

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2025

7


S/Kelly Fasbinder
Kelly Fasbinder (P80109)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9520
Kelly.Fasbinder@usdoj.gov

Dated: August 25, 2025

Marshall E. Goldberg (P35788)
Counsel for Claimant
615 Griswold Suite 1125
Detroit, MI 48226
(313) 962-4090
Megoldberg2003@yahoo.com

Dated: 8/28/25

Candace Hodges
Claimant

Dated: 8/27/25

**IT IS SO ORDERED.**

Date: _____

Hon. Matthew F. Leitman
United States District Court Judge